Filed 8/20/20  P. v. Chun CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B295207 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA145852) |
| v. | |
| TONY SANGHYUN CHUN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Affirmed.

Mary Jo Strnad, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Tony Chun pled no contest to a single count of grand theft (Pen. Code, § 487, subd. (a)).[1]  As part of his sentence, the trial court ordered Chun to pay restitution to his former employer, Hyundai Shipping U.S.A. (Hyundai), in the amount of $7,736.23. Chun argues that Hyundai was not the victim of his crime, and separately that the amount of restitution the trial court ordered constitutes an abuse of discretion.  He also contends that he was deprived of effective assistance of counsel at his restitution hearing.  We affirm the trial court's restitution order.

## BACKGROUND

Hyundai receives at its Rancho Dominguez facility merchandise purchased online from U.S. companies by consumers located overseas.  Hyundai opens the boxes it receives to verify that customers' orders are correct (cross-checked against invoices Hyundai receives for merchandise it is to ship), logs the merchandise into its computer, reseals the boxes, and prepares them to be shipped.  Once a week, Hyundai places the merchandise in a shipping container, which is then picked up and delivered to the Port of Long Beach to be shipped.[2]

Hyundai hired Chun in December 2017 to handle merchandise from the time Hyundai received it until Chun loaded it into the shipping container.  At the beginning of January 2018, however, Hyundai began receiving complaints from customers that the merchandise they ordered was missing. By watching security camera footage showing him removing items from boxes, placing it in his pockets or a bag, and leaving

---

[1] Further statutory references are to the Penal Code.

[2] Hyundai's manager testified that shipping a container to South Korea takes 20 days.

2

the facility with the items, Hyundai discovered that Chun had been stealing the items. Police found some of the items customers reported missing at Chun's home.

At Chun's restitution hearing, Hyundai's manager, Richard Yun, identified a list from a police report of 34 items Chun took. Yun testified that the list attached the police report consisted of items for which Hyundai had reimbursed customers' purchase price based on the invoices in Hyundai's computer system. The amount Hyundai reimbursed customers based on missing purchases was $7,736.23. Yun testified that he also paid customers "about $3,000" to compensate for delayed delivery of their merchandise, but decided not to include in his restitution claim "the money we paid to the customers for the delay of the delivery."

On cross-examination, Yun identified five items from the list of stolen items that police recovered from Chun's home and returned to Hyundai. Yun testified that Hyundai had already paid customers the invoice value for the items by the time the police returned them, and the items could not be shipped to customers or otherwise used by Hyundai because the original packaging was damaged.

Based on Yun's testimony, which the trial court found credible, the trial court ordered Chun to pay Hyundai $7,736.23 in restitution. The trial court expressly declined to reduce the amount by $1,632.97—the value of the five items police returned to Hyundai. And although it was not an amount Hyundai requested, the trial court stated on the record that it was "not going to grant the request for the $3,000 for the customer service fees [Hyundai] paid to keep [its] business reputation."

Chun timely requested a certificate of probable cause to appeal the restitution order, and the trial court granted Chun's request.

## DISCUSSION

Chun challenges the trial court's order on several grounds. First, Chun argues that Hyundai was not the "victim" for purposes of section 1203.1, but was merely a third party standing in the shoes of customers, who were Chun's victims. Second, Chun contends that the restitution order created an "improper windfall" for Hyundai in two ways. Chun argues that the trial court should have awarded a replacement value of the merchandise Chun stole, rather than the full retail value, and that awarding restitution for the stolen merchandise that was recovered was "redundant compensation." Chun next contends that the record contains insufficient evidence to support the restitution order because Hyundai only established the full retail value of the property Chun took, rather than its replacement value. Finally, Chun contends his was deprived of effective assistance of counsel because his trial counsel did not make "obvious meritorious objections" and request an offset of the restitution award for the value of the items police recovered from Chun's home and returned to Hyundai. We disagree with each of Chun's arguments.

A. Identity of the "Victim"

"[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (§ 1202.4, subd. (f).)

4

Chun contends that his victims were Hyundai's customers, and not Hyundai. He compares Hyundai to an insurer who has paid an insurance claim for a loss caused by a criminal defendant. Chun's argument is based on *People v. Birkett* (1999) 21 Cal.4th 226 (*Birkett*). Chun argues that the Supreme Court concluded an insurer had no standing to claim restitution under the restitution statute because the insurance company was not the defendant's "victim," but rather was claiming as an entity that had "stepped into the [victim's] shoes." We review statutory language de novo. (*Barajas v. Appellate Division of Superior Court* (2019) 40 Cal.App.5th 944, 951.)

Contrary to Chun's assertion here, *Birkett* analyzed statutory language and arrived at its conclusion based on the restitution statute's plain language. "We therefore conclude that by its plain terms," the Supreme Court stated, "the 1994 mandatory restitution scheme *excluded reimbursing insurers,* claiming in that capacity, as 'direct victim[s]' entitled to restitution from an adult probationer." (*Birkett, supra,* 21 Cal.4th at p. 234, italics added.)

Hyundai was not an insurer. Hyundai took possession of products in their original packaging and shipped those products to the purchaser. If a product were to go through that process in the normal course of business, Hyundai would not pay a customer the full retail value of the product the customer received—the customer would have simply received the product it paid for. To the contrary, Hyundai presumably would be paid some fee for its service. Because Chun stole products from Hyundai's facility, however, Hyundai was out-of-pocket for the full retail value—the cost to replace the stolen goods—for 34 items Chun stole. Hyundai is not in the business of insuring others for goods they

have purchased. Hyundai is in the business of delivering those goods, and when Hyundai is unable to deliver those goods, Hyundai presumably must replace them. Chun caused Hyundai to violate its direct obligations to its customers, and Chun cost Hyundai the value of those violations. Far from being expressly *excluded* from the statute's plain language, Hyundai is one of Chun's direct victims—entitled to restitution according to section 1202.4, subdivision (f). (See *Birkett*, *supra*, 21 Cal.4th at p. 232, fn. 6.)

B. Amount of Restitution

"[W]e review the trial court's restitution order for abuse of discretion." (*People v. Giordano* (2007) 42 Cal.4th 644, 663 (*Giordano*).) " '[T]he court's discretion in setting the amount of restitution is broad, and it may use any rational method of fixing the amount of restitution as long as it is reasonably calculated to make the victim whole. [Citations.]' [Citations.] 'There is no requirement the restitution order be limited to the exact amount of the loss in which the defendant is actually found culpable, nor is there any requirement the order reflect the amount of damages that might be recoverable in a civil action. . . .' " (*People v. Millard* (2009) 175 Cal.App.4th 7, 26-27 (*Millard*).)

"While we review all restitution orders for abuse of discretion, we note that the scope of a trial court's discretion is broader when restitution is imposed as a condition of probation. [Section] 1203.1, subdivision (j) expressly grants trial courts broad discretion in imposing conditions of probation. As [our Supreme Court] has held, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is

6

not reasonably related to future criminality. . . .' ' " (*Giordano*, *supra*, 42 Cal.4th at p. 663, fn. 7.) " ' "[T]he granting of probation is not a right but a privilege, and if the defendant feels that the terms of probation are harsher than the sentence for the substantive offense[,] he is free to refuse probation." [Citations.] Because a defendant has no right to probation, the trial court can impose probation conditions that it could not otherwise impose, so long as the conditions are not invalid under the three [previously listed] criteria.' " (*Ibid.*)

"The word 'loss,' within the meaning of section 1202.4, ' " ' "must be construed broadly and liberally to uphold the voters' intent." [Citation.] Because the statute uses the language "including, but not limited to" these enumerated losses, a trial court may compensate a victim for any economic loss which is proved to be the direct result of the defendant's criminal behavior, even if not specifically enumerated in the statute.' " [Citations.] "The only limitation the Legislature placed on victim restitution is that the loss must be an 'economic loss incurred as the result of the defendant's criminal conduct.' " ' " (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1215.)

We first address Chun's contention that the trial court's restitution order awards Hyundai an "improper windfall." Chun argues that the award overcompensates Hyundai in two ways. First, Chun contends that awarding full retail value to Hyundai rather than some lesser replacement value is the equivalent of awarding Target, to use Chun's example, the full retail value of goods an employee stole rather than the cost to Target to replace the goods. (See *People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1178-1179 (*Chappelone*).)

Chun's argument ignores that the replacement cost to Hyundai of the goods Chun stole *is* the full retail value of the goods. Hyundai is not in the same business as Target—buying and re-selling "mass-produced consumer goods that Target sold in abundance." (*Chappelone, supra*, 183 Cal.App.4th at p. 1179.) To be sure, the trial court's award was based entirely on the *cost to Hyundai* of the goods Chun stole, and not on some amount that Hyundai might have received if it had those goods available to resell. The amount of restitution here was based *specifically* and *expressly* on the goods' replacement value.

We are no more persuaded by Chun's second "improper windfall" argument. Police retrieved five items from Chun's apartment and returned them to Hyundai—with damaged packaging. Hyundai had already reimbursed customers for the stolen goods, and Hyundai was not in a position to simply re-place the stolen goods into the stream of commerce. The amount Hyundai paid for the goods is the amount Chun's crime cost Hyundai, regardless of whether Hyundai eventually received any of the items back. (See *Birkett, supra*, 21 Cal.4th at p. 229 [restitution is based on the full amount of the loss, "without regard to full or partial recoupments from other sources except the Restitution Fund"].)

The record demonstrates that the trial court's restitution order is "reasonably calculated" to make Hyundai whole. (See *Millard, supra*, 175 Cal.App.4th at p. 26.) And the evidence in the record—Yun's testimony and a list of items Chun stole together with the amounts Hyundai paid to replace those goods—is sufficient to support the trial court's order setting the amount of restitution.

C.  Ineffective Assistance of Counsel

"To otherwise demonstrate ineffectiveness of counsel, defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms [citation], and that a reasonable probability exists that, but for counsel's unprofessional errors, the result would have been different."  (*People v. Farnam* (2002) 28 Cal.4th 107, 148.)  A "court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Strickland v. Washington* (1984) 466 U.S. 668, 697; accord, *In re Fields* (1990) 51 Cal.3d 1063, 1079.)

Based on our conclusions that Hyundai was one of Chun's victims and our disagreement with Chun's assertions that the trial court's restitution order constituted an improper windfall for Hyundai, we find no prejudice to Chun from the errors he alleges his attorney made at the restitution hearing.

9

**DISPOSITION**

The trial court's restitution order is affirmed.

NOT TO BE PUBLISHED


                                        CHANEY, J.

We concur:


ROTHSCHILD, P. J.


SINANIAN, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10